This cause came on to be heard upon the petition of the relator, The Midland Bank, and the answers of the respondents, Village of Northfield, Village of Saga-more Hills and Northfield Center Township and of the respondent officials of said villages and township, respectively, and upon the agreed statement of facts approved on behalf of said relator and of such respon
 
 *18
 
 dents, whereupon it is found that the following facts in said petition are true, to wit:
 

 That the relator is the owner and holder of the notes' set forth in the relator’s petition and that said notes were duly and legally authorized and issued by respondent Tillage of Northfield, pursuant to and in full compliance with the Constitution and general laws of the state of Ohio under a then existing 15-mill tax limitation; that the form of the notes is properly described in said petition; that the ordinance authorizing* said notes provided for the issuance of bonds of said village in anticipation of the collection of special assessments and pledged the full faith, credit and revenue of said village for the purpose of paying off said notes; that respondents Tillage of Sagamore Hills and Northfield Center Township constituted at the time said notes were issued a part of the respondent Tillage of North-field and are liable upon the indebtedness of respondent Tillage of Northfield outstanding prior to October 21, 1930, in proportion to their respective tax duplicates after detachment, to wit: respondent Tillage of Northfield, 7.9423%; respondent Tillage of Sagamore Hills, 57.5097%; and respondent Northfield Center Township, 34.998%; that the entire principal amount of said notes, together with interest accrued thereon at the rate of 6% per annum from February 8, 1934, are due and unpaid and that no bonds have been issued nor, prior to the fiscal year 1937, any general taxes' levied by said respondents for the purpose of paying off said notes or the interest accrued thereon.
 

 It is therefore hereby ordered and adjudged that a peremptory writ of mandamus shall issue as follows:
 

 A.
 

 Commanding respondents Tillage of Northfield and Tillage of Sagamore Hills and their respective mayors', clerks and members of council, and respondent North-field Center Township, and the trustees and clerk of
 
 *19
 
 said township, to apply all funds representing collections of special assessments which are now in the hands' of the clerk of said Village of Sagamore Hills or the clerk of said Village of. Northfield or which are due said respondent subdivisions and are in the hands of the Auditor of Summit county, first in payment of all interest accrued upon the note indebtedness' of said Village of Northfield outstanding in the hands of the relator or other private holders, and then in payment
 
 pro rata
 
 on account of the principal amount due and unpaid on any such notes.
 

 Commanding the respondents to do and perform either those acts specified in part B of this order, or in the alternative those acts specified in part C of this order, to wit:
 

 B.
 

 The respondent Village of Northfield and respondent officials thereof shall make such application to the Bureau of Inspection and Supervision of Public Offices of the state of Ohio pursuant to the provisions of Section 2293-29, G-eneral Code, for authority to issue bonds pursuant to the Uniform Bond Act in a face amount greater than the unmatured assessments levied to pay the cost of the improvements financed by notes issued in anticipation of such bonds and maturing over a period not exceeding ten years, as will enable said respondent subdivision to comply with the further orders herein contained; and respondent Village of Sagamore Hills and respondent Northfield Center Township, and their respective officials shall cooperate in every way necessary to procure said consent, including the furnishing of such information, certificates and other documents as said bureau of inspection may require.
 

 The council of respondent Village of Northfield and the mayor of said village, subject to the issuance of the certificate of the Bureau of Inspection and Supervision of Public Offices pursuant to Section 2293-29,
 
 *20
 
 General Code, shall adopt and approve legislation authorizing the issuance of a bond issue or issues in aggregate face amount equal to the face amount of the entire note indebtedness of said village then outstanding and unpaid or uncancelled, or in such lesser aggregate amount as shall equal the face amount of all outstanding note issues of said village the holders of which shall have consented to an exchange under the provisions of Section 2293-29(a), General Code, for bonds bearing the provisions herein specified, to wit, said bonds to be dated March 1, 1937, to mature over a period not exceeding ten years and pursuant to the provisions of the Uniform Bond Act, to bear interest at the rate of 4% per annum, payable semi-annually, to recite on their face that they are issued pursuant to this order, and to be supported by pledge of all special assessments thereafter collected and applicable to the notes issued in anticipation of said bond issue or issues and by a general tax levied for the life of said bonds in an amount sufficient to pay said village’s proportion, to wit 7.9423%, of the debt service charges thereon and levied irrespective of the 10-mill limitation and subject only to the 15-mill limitation applicable at the time of issuance of the aforesaid notes.
 

 The council of the respondent Village of Sagamore Hills and the mayor of said village and the board of trustees of respondent Northfield Center Township shall adopt legislation approving the bond issue or issues authorized by the aforesaid legislation of the Village of Northfield, assuming their respective proportions of the indebtedness evidenced by said bonds, namely, 57.5097% on the part of the Village of Saga-more Hills, and 34.998% on the part of Northfield Center Township; and each levy for the life of said bonds' a tax sufficient to pay their aforesaid respective proportions of the debt service charges on said bonds irrespective of the 10-mill limitation and subject only to the aforesaid 15-mill limitation, and also pledging
 
 *21
 
 to the payment of said bonds and the interest accruing thereon all collections of special assessments collected by or for the account of said respective subdivisions and applicable to the payment of the notes issued in anticipation of said bonds.
 

 The respondent officials of the Village of Northfield and Northfield Center Township shall apply upon the first maturing installments of interest and principal of the aforesaid bonds such amounts as are necessary to pay the proportionate share of each of such subdivisions out of the money collected from the debt levy of 2.40 mills and 3.30 mills respectively, as contained in the budget for each of such subdivisions for the fis'cal year 1937, and the council of the Village of Sagamore Hills shall appropriate out of the village’s general operating levy contained in its budget for the fiscal year 1937, for application upon the first maturing installments of interest' and principal of the aforesaid bonds an amount equivalent to a levy of 2.40 mills.
 

 The respondent Village of Northfield, and the officials thereof, shall use their best efforts to procure the consents of the relator and of all other holders of notes of said village now outstanding to an exchange of said notes to be made pursuant to Section 2293-29(a), General Code, for bonds bearing the terms and provisions herein specified and thereupon to cause such bonds to be printed and delivered to noteholders' so consenting in amounts equivalent to the notes surrendered for exchange and cancellation, and to cause true transcripts of proceedings to be prepared and delivered to such noteholders, the expense of the issuance of such bonds to be.borne by the three subdivisions in the following proportions’: 7.9423% by Village of Northfield; 57.5097% by Village of Sagamore Hills; and 34.998% by Northfield Center Township.
 

 C.
 

 The clerk of respondent Village of Northfield shall
 
 *22
 
 determine the amount of tax necessary to provide for the payment in full of any balance of principal or interest on relator’s notes remaining* unpaid after application thereon of the funds specified in part A of this order, and certify the amount of such tax to the councils of the Village of Northfield and of the Village of Sagamore Hills and to the board of trustees of Northfield Center Township, and said village councils' and said board of trustees, and the respective mayors of said respondent villages, are commanded to take proper action to amend the respective tax budgets of the respondent subdivisions for the fiscal year 1937 so as to include their respective proportionate shares of the full amount required to pay all unpaid and accruing interest charges and principal on relator’s notes irrespective of the 10-mill limitation and subject only to the 15-mill limitation applicable at the time of issuance of such notes, and to the exclusion of current operating* expenses, if necessary. Said respondents shall apply the proceeds' of all assessments applicable to relator’s notes hereafter collected in payment of the principal and interest of said notes; and said respondents shall levy or cause to be levied, according to law and in the current and ensuing fiscal years, such taxes up to the full proportion of said 15-mill limitation to which said respondent subdivisions are respectively entitled and to the exclusion of current operating expenses if necessary, as from time to time and from year to year hereafter shall be necessary for the purpose of paying in full the interest and principal of relator’s notes, and shall apply the proceeds thereof to such purpose only; and each and. all of said respondents and their successors in office are hereby commanded to do and perform and cause to be done and performed all other acts required of them by law in the premises to provide the money with which to pay said notes and the interest thereon.